Campbell, Sp. J.,
delivered the opinion of the court.
*310 The defendants, D. B,. Cook and S. A. Morton, partners as Cook & Co., on the 24th of February, 1862, executed their note to defendant ~W. M. Taylor for $500.80, payable to his order one day after date, at Memphis, with interest at ten per cent. Afterwards, Taylor endorsed it payable to the order of Lewis Ottenheimer, the complainant, who filed his bill in the Chancery - Court of Memphis, alleging that the note was executed for the balance of a debt due by Cook & Co. to Taylor; that “by mistake or inadvertency,” or perhaps in ignorance of the law, “the said note reserves on its face ten per cent, per annum interest, and is therefore void; that it was not the intention of the parties to violate the law, but that they intended to contract only for such interest as the law would allow. But if complainant is mistaken as to the intention of Cook & Co. in making said contract, then the complainant charges that they fraudulently imposed upon the defendant, Taylor, and, by misrepresentation and deceit, induced him to accept the note as legal and valid. By an amendment to the bill complainant charges that as assignee of defendant Taylor he is entitled to recover the original consideration for which said void note was executed.
The prayer to the original bill seeks to have the note reformed, so as to conform to the real intention of the parties, and a decree for the sum due and legal interest. The prayer of the amended bill is that he may have a decree for the original consideration paid by Taylor to Cook & Co.
*311 The demurrer to the bill was overruled, and both Cook and Taylor answer, denying all the charges of fraud, but admit that they were ignorant at the time the note was executed that it was unlawful to contract for the payment of interest at the rate of ten per cent, per annum, but that the contract was entered into in good faith. There being no proof of fraud or misrepresentation, that question is entirely out of the way.
The doctrine that contracts and agreements entered into, or acts done under a mistake or ignorance of the law, are binding upon the parties, cannot be questioned: and is so well settled in this State by a large class of cases that it is not necessary to discuss it now. And it is sufficient to say in this connection that upon a careful examination of the authorities referred to in complainant’s brief, to establish the contrary, we have found no case in which the court has interposed to grant relief unless there was either a mixed question of law and fact, or there were circumstances indicating fraud, misrepresentation, undue influence qr deceit.
It is insisted by the complainant that as the bill was not demurred to for the want of jurisdiction to enforce the contract sued upon, the court having jurisdiction will retain the cause and grant the relief sought.
The bill contains an allegation that Taylor was induced to receive the note calling for ten per cent, interest on the face of it by the fraudulent misrepresentations and devices of the maker. If this was true, and had been established by the proof, then the complainant would have been entitled to relief, the *312 note would have been reformed and a decree rendered for the principal and legal interest. But this allegation tendered an issue of fact, not traversable by demurrer. But for this allegation the demurrer would have been fatal to the bill. And this allegation being distinctly denied by the answers, and no proof made to sustain it, leaves nothing at issue except that part of the bill covered by the demurrer.
It is true that if a party submits to answer, and fails to plead or demur for the want of jurisdiction, he cannot avail himself of the want of jurisdiction as a defence against the relief sought by the bill; but this rule applies to demands which are legal and valid, and not tainted with illegality. If a party brings into a court, either of law or equity, an illegal contract that it may be enforced, and this illegality be shown and set forth by himself, and not disclosed by plea or allegation from the defendant, it is the duty of either court, on grounds of public policy, to repel the party and refuse its action on his behalf. Isler v. Brunson, 6 Hum., 277.
But the complainant insists that the note being void does not extinguish the debt for which it was executed, and that he is entitled to recover from the maker and the endorser the amount of the original consideration, and legal interest, and that the assignment of the note was an assignment of the original debt. It is true that the assignment of a note carries with it all the securities created by the original parties. Such as a note secured by mortgage, or a note given for the purchase of land with a lien reserved to se *313 cure its payment. A transfer of the debt is a transfer, in equity, of the security. The debt in these cases is the principal, and the 'security the incident. In this case it is not insisted there ■ was any security of any kind provided for the _ payment of the debt. By the assignment, the assignee took a claim against the maker of the note, and also a claim against the assignee, but both of these were personal claims, not extending beyond the personal credit or personal liability of the maker and of the assignor. This is illustrated by the ease of a note given for the purchase of land, where a deed "has been executed in fee without reserving a lien; there remains only an equity between the original parties, and a transfer of the note does not carry with it any lien. The' doctrine that the nóte carries with it all the securities for its payment is predicated upon the fact that the note is legal and valid. Suppose, however, as' in the case at bar, the 'note be illegal and void, and' this appear upon its face, conveying with it notice of its ..own infirmity, can it be insisted that the assignment of this void contract can carry with it any right whatever? Can it be used for any purpose as an evidence of debt? Even though as between the original parties- it did not operate to extinguish the debt, because it could not be used by either of the parties as evidence. If the payee had sued on the original consideration, he could not have used the note to establish the debt;, nor could the maker have used it to show that the pre-existing debt was extinguished. It could not, .therefore, be used for any purpose to predicate a right upon, it not being *314 voidable merely, but absolutely void. The assignment of the note then, of itself, did not operate to transfer to the complainant the right of action the assignor may have had upon the original consideration. This could only have been done by a contract between the parties independent of' the endorsement of the note, which is neither alleged nor proven to have been made.
As to the right of the complainant to recover against the assignor, it need not be now considered, as we are constrained to reverse the decree and leave the parties to their remedies at law, if they have any.
Let the decree of the Chancellor be reversed, the bill dismissed, and the complainant required to pay the costs of this court and the court below.